**Johnston A. Mitchell**
OSB No. 924060
johnstonlaw@comcast.net
**Christine Coers-Mitchell**
OSB No. 922600
coers@comcast.net
Coers Mitchell Law LLC
2100 NE Broadway, No. 309
Portland, Oregon 97232
Telephone: 503.719.6795
Facsimile: 503.374.9068

Attorneys for David Elkanich

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>JACKIE L. FREEMAN and<br><br>KIMBERLY FREEMAN,<br><br>    Debtors. | Miscellaneous Proceeding No. 12-00303-tmb<br><br>(United States Bankruptcy Court for Western District of Washington, Bankr. Case No. 12-13169-KAO)<br><br>MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION<br><br>**EXPEDITED REVIEW REQUESTED** |

Pursuant to Bankruptcy Rule 9016 and Federal Rule of Civil Procedure 45(c)(3), David

Elkanich ("Elkanich") moves to quash a subpoena for Rule 2004 exam issued from the United

States Bankruptcy Court for the District of Oregon ("Subpoena"). This Subpoena was issued in

conjunction with a bankruptcy case in the Western District of Washington: *In re Freeman*,

Bankruptcy Case No. 12-13169-kao ("Bankruptcy Case"). Counsel for Elkanich has conferred

by telephone conference and in writing with counsel for Debtors, but has been unable to reach an

agreement about the motion.

**COERS MITCHELL LAW LLC**
2100 NE Broadway, No. 309
Portland, Oregon  97232
T (503)719-6795 | F (503)374-9068

As explained in Elkanich's supporting memorandum and declarations, the Subpoena is defective and improper, because Debtors have not obtained an order in the Bankruptcy Case allowing a 2004 examination of Elkanich, an attorney. Furthermore, the Subpoena also must be quashed because it: (1) requires disclosure of material protected by the attorney-client privilege and work product doctrines (Fed. R. Civ. P. 45(c)(3)(A)(iii)); (2) subjects Elkanich to an undue burden given the amount and breadth of material requested and the need to create a privilege log (Fed. R. Civ. P. 45(c)(3)(A)(iv)); and (3) fails to allow a reasonable time to comply (Fed. R. Civ. P. 45(c)(3)(A)(i)). In addition, the Subpoena should be quashed because it seeks confidential commercial information of Elkanich's client (Fed. R. Civ. P. 45(c)(3)(B)(i)) and fails to comply with the local bankruptcy rules of the issuing court.

As the issuing court under Federal Rule 45(a)(2), this court has jurisdiction to hear this motion to quash pursuant to Federal Rule 45(c)(3) (made applicable under Bankruptcy Rule 2004 and 9016). This motion is timely, having been made before the time set for appearance and production. The Subpoena requires the appearance of Elkanich and the production of documents at 1:00 p.m. on July 16, 2012. The Subpoena (without a witness fee) was served on Elkanich on July 2, 2012. Elkanich received the Subpoena by mail with a witness fee on July 3, 2012.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MOTION TO QUASH SUBPOENA FOR
RULE 2004 EXAMINATION

Coers Mitchell Law LLC
2100 NE Broadway, No. 309
Portland, Oregon 97232
T (503)719-6795 | F (503)374-9068

The court should quash the Subpoena pursuant to Federal Rule 45(c)(3) and provide other relief pursuant to Federal Rule 45(c)(1). In support of this motion, Elkanich relies on the accompanying memorandum in support and the declarations of David J. Elkanich, Robert W. Norman, Jr. and Johnston Mitchell.

Respectfully submitted this 11th day of July, 2012.

COERS MITCHELL LAW LLC

*/s/Johnston Mitchell*
Johnston Mitchell OSB No. 924060
503.719.6795
johnstonlaw@comcast.net
Christine Coers Mitchell, OSB No. 922600
503.719.6795
coers@comcast.net

Attorneys for David Elkanich

COERS MITCHELL LAW LLC
2100 NE Broadway, No. 309
Portland, Oregon   97232
T (503)719-6795 | F (503)374-9068

**Johnston A. Mitchell**
OSB No. 924060
johnstonlaw@comcast.net
**Christine Coers-Mitchell**
OSB No. 922600
coers@comcast.net
Coers Mitchell Law LLC
2100 NE Broadway, No. 309
Portland, Oregon 97232
Telephone: 503.719.6795
Facsimile: 503.374.9068

Attorneys for David Elkanich

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>JACKIE L. FREEMAN and<br><br>KIMBERLY FREEMAN,<br><br>          Debtors. | Miscellaneous Proceeding No. 12-00303-tmb<br><br>(United States Bankruptcy Court for Western District of Washington, Bankr. Case No. 12-13169-KAO)<br><br>MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION |

The Debtors' subpoena (Elkanich Dec. Ex. 1) ("Subpoena") is defective on its face. It lacks a legal foundation. Bankruptcy Rule 2004 permits an examination of an entity only after a motion and entry of an order authorizing the exam. The Debtors did not file a motion to examine David Elkanich ("Elkanich"). The Washington Bankruptcy Court did not enter an order permitting Elkanich's exam. In fact, the Debtors seem to have engaged in a sneak attack to obtain documents and information protected by attorney-client privilege, attorney work product and Elkanich's ethical duty to maintain client confidences. The Debtors sought a subpoena of an organization like that permitted under Federal Rule 30(b)(6). Then, instead of having the

MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA FOR
RULE 2004 EXAMINATION

organization designate a person to testify on its behalf as provided under Federal Rule 30, the

Debtors issued and served a subpoena on the organization's attorney, requiring him to personally

appear and testify.  They demanded production of 22 categories of documents that requires

disclosure of privileged and confidential material and information in contradiction to Federal

Rule 45(c)(3)(A).  For these and the additional reasons discussed below, the court should quash

the Subpoena.

**SUMMARY OF PERTINENT FACTS**

The Subpoena was issued in conjunction with the Debtors' bankruptcy case in the Western

District of Washington, Bankruptcy Case No. 12-13169-kao ("Bankruptcy Case").  Debtors

sought an Ex Parte Order Allowing 2004 Examination of two entities described by Debtors:

- "Bank of New York Mellon, formerly known as the Bank of New York as Successor Trustee for JP Morgan Chase Bank, National Association, as Trustee for Novastar Mortgage Funding Trust, Series 2005-3 Novastar Home Equity Loan Asset-Backed Certificates, Series 2005-3" ("BONY as Trustee"), and

- "The Bank of New York Mellon as Successor Trustee under Novastar Mortgage Funding Trust, Series 2005-3, by Saxon Mortgage Services, Inc., as Attorney in Fact."

(together referred to as the "Examination Entities") (Mitchell Dec. ¶ 4, Ex. 1, p. 5; Ex. 2, p. 1).

Debtors' motion for the 2004 examination did not request a 2004 examination of Elkanich

(Mitchell Dec. Ex. 2).  In fact, the motion did not mention Elkanich.[1]  On June 7, 2012, the court

entered an Ex Parte Order Allowing 2004 Examination of the Examination Entities ("Ex Parte

Order") (Mitchell Dec. Ex. 1, p. 5; Ex. 3).  The Ex Parte Order allowed the "examination of the

---

[1]  The motion's certificate of service states Debtors' counsel served the motion on the "affected entities" and lists Elkanich as one of the attorneys.

MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA FOR
RULE 2004 EXAMINATION

**COERS MITCHELL LAW LLC**
2100 NE Broadway, No. 309
Portland, Oregon  97232
T (503)719-6795 | F (503)374-9068

requested entities pursuant to a subpoena issued by counsel [for Debtors ] pursuant to Fed. R. Civ. P. 45(a)(3), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9016 , with not less than 10 days notice of the date and time of the examination" (Mitchell Dec. Ex. 3, p. 2).

Pursuant to Federal Rule 45(a)(3)(B), counsel for Debtor issued the Subpoena from the United States Bankruptcy Court for the District of Oregon (Elkanich Dec. Ex. 1). She had the Subpoena along with the Ex Parte Order served on Elkanich in Oregon (Elkanich Dec. ¶¶ 7-8). The Subpoena names and seeks examination of Elkanich personally: "DAVID J. ELKANICH, ESQ." (Elkanich Dec. Ex. 1). It does not name either of the Examination Entities (Elkanich Dec. Ex. 1). The Subpoena also demands production of 22 categories of documents from Elkanich (Elkanich Dec. ¶ 12, Ex. 1, Ex. A, p. 3).

On July 2, 2012, Debtors' counsel called Elkanich's firm, asking to speak to Elkanich (Elkanich Dec. ¶ 6). When told of the call, he agreed to take it and asked that the call be transferred to his office (Elkanich Dec. ¶ 6). When he picked up his phone, there was silence. No one responded (Elkanich Dec. ¶ 6). A short while later, a man appeared at Elkanich's firm with the Subpoena (Elkanich Dec. ¶ 7). When BONY as Trustee's bankruptcy counsel called Debtors' counsel on July 3 to confer about the Subpoena, Debtors' counsel said that she wanted to take the deposition of Elkanich − *personally* (Norman Dec. ¶ 3, and Ex. 1). She did not want to take the deposition of BONY as Trustee's representative (Norman Dec. ¶ 3, and Ex. 1).

Elkanich is an attorney licensed to practice in Oregon, Idaho and Washington. (Elkanich Dec. ¶ 2). He is one of the attorneys who represents Intervenor Bank of New York Mellon, as Successor Trustee under Novastar Mortgage Funding Trust, 2005-3 ("BONY as Intervenor") in a pending proceeding brought by the Debtors in the Superior Court of the State Washington in and for the County of Skagit, entitled *Freeman vs. Quality Loan Services* (Case No. 10-2-00836-8)

MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION

COERS MITCHELL LAW LLC
2100 NE Broadway, No. 309
Portland, Oregon  97232
T (503)719-6795 | F (503)374-9068

("Skagit County Proceeding"). Elkanich does not represent BONY as Intervenor in the Bankruptcy Case (Elkanich Dec. ¶ 5); nor has he been designated its representative or agent for the purposes of examination. In addition, Elkanich has not been designated by the Examination Entities as a representative or agent for the purposes of testifying in the Bankruptcy Case or any other action; nor has Elkanich consented to be designated as such (Elkanich Dec. ¶ 9).

## JURISDICTION

As the issuing court for the Subpoena, this court has jurisdiction to hear Elkanich's motion pursuant to Bankruptcy Rules 2004 and 9016 and Federal Rule 45.

Bankruptcy Rule 2004(c) provides the procedural umbrella for compelling attendance and production of documents for a 2004 exam. With the exception of a debtor, attendance and production of documents ordered under Bankruptcy Rule 2004(a) must be done by issuance of a subpoena pursuant to Bankruptcy Rule 9016. *See* Fed. R. Bankr. P. 2004(c); *see also Raynor v. Greenlight Capital Qualified, L.P.*, 2008 WL 2224897 * 3-4 (Bankr. D. Neb. May 23, 2008); and Instructions, Form B254, 12.11.08, Subpoena for Rule 2004 Examination, p. 1.

Bankruptcy Rule 9016, in turn, incorporates Federal Rule 45. Both Bankruptcy Rule 2004(c) and Federal Rule 45(a)(3)(b) allow an attorney to issue and sign a subpoena on behalf of the court for the district in which the examination is to be conducted. Federal Rule 45(c)(3) states, an attorney "may issue and sign a subpoena as an officer of . . . a court for a district where a deposition is to be taken or production is to be made."

Federal Rule 45(c) directs the issuing court to decide motions to quash subpoenas. Federal Rule 45(c)(3)(A) states that "the issuing court must quash or modify a subpoena" based on any one of four triggers. Federal Rule 45(c)(3)(B) gives the issuing court authority to quash or modify a subpoena based any one of three triggers. In addition, Federal Rule 45(c)(1) directs the

MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA FOR
RULE 2004 EXAMINATION

Coers Mitchell Law LLC
2100 NE Broadway, No. 309
Portland, Oregon 97232
T (503)719-6795 | F (503)374-9068

issuing court to enforce the duty of the party responsible for issuing the subpoena to avoid undue burden or expense on the person subject to the subpoena and to impose an appropriate sanction for the failure of an attorney to comply.

In this matter, the Subpoena was issued in the United States Bankruptcy Court for the District of Oregon by counsel for the Debtors (Elkanich Dec. Ex. 1). Counsel for the Debtors signed and issued the Subpoena as an officer of this court, pursuant to Federal Rule 45(a)(3)(B), as well as Bankruptcy Rule 2004(c). As the issuing court, this court has jurisdiction to hear Elkanich's motion to quash pursuant to Federal Rule 45(c) and any request for relief for imposing undue burden and expense on Elkanich.

## DISCUSSION

### A.      The Subpoena Was Improperly Issued and Must be Quashed.

Bankruptcy Rule 2004(a) permits a party to file a motion and obtain an order from a bankruptcy court for "the examination of any entity" within the scope of matters set forth in Bankruptcy Rule 2004(b). Once that occurs, Bankruptcy Rules 2004(c) and Federal Rule 45 authorize issuance of a subpoena, by counsel or court, to compel attendance and production from that entity. Federal Rule 45(a)(1)(iii) requires the subpoena to "command each person to whom it is directed" to attend and testify, produce documents or other material or permit inspect. With respect to the subpoena of an organization, Federal Rule 30(b)(6) requires the organization to be named and the matters for examination to be described with reasonable particularity.[2]

---

[2] Federal Rule 30(b)(6) states:

> In its . . . subpoena, a party may name as the deponent a . . . corporation . . . or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

COERS MITCHELL LAW LLC
2100 NE Broadway, No. 309
Portland, Oregon  97232
T (503)719-6795 | F (503)374-9068

Thereafter, the organization is required to designate the officer, director or other person who consents to testify on its behalf. *Id.*

In this matter, Debtors did not move for or obtain an order in the Bankruptcy Case allowing a 2004 examination of Elkanich. Debtors' motion for the 2004 examination did not request a 2004 examination of Elkanich or mention Elkanich (Mitchell Dec. Ex. 2). Likewise, the Ex Parte Order Allowing 2004 Examination only orders examination of the two entities named by Debtors (Mitchell Dec. Ex. 3, p. 2).

Furthermore, although Debtors' counsel attached a copy of the Ex Parte Order to the Subpoena, there is no basis to argue the Subpoena is directed to Elkanich as a representative of any entity. The Subpoena is not in any way addressed to the Examination Entities, as required by Fed Rule 45(a)(1)(A)(iii). Elkanich has not been designated by the Examination Entities as a representative or agent pursuant to Federal Rule 30 (b)(6) for the purposes of testifying; nor has Elkanich consented to be designated as such a representative (Elkanich Dec. ¶ 9). Indeed, Debtors' counsel said that the Subpoena was issued to personally examine Elkanich (Norman Dec. ¶ 3, Ex. 1).

Because Debtors failed to seek and obtain an order allowing a 2004 exam of Elkanich, their counsel had no basis to issue the Subpoena compelling Elkanich's appearance, examination and productions of documents under this court's authority. The improper and invalid Subpoena should be quashed.

**B.      The Improper Subpoena Should Also be Quashed as Creating an Undue Burden.**

The Subpoena also places an undue burden on Elkanich and thus should be quashed pursuant to Federal Rule 45(c)(3) and 45(c)(1). Federal Rule 45(c)(3)(A)(iv) requires the issuing court to quash a subpoena if it subjects a person to an undue burden. Federal Rule 45(c)(1)

specifically admonishes the party and the attorney responsible for issuing and serving a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  The Rule further states that the "issuing court must enforce this duty and impose sanction – which may include lost earnings and reasonable attorney fees – on a party or attorney who fails to comply." Fed. R. Civ. P. 45(c)(1).

Debtors' counsel has issued a subpoena for a Rule 2004 examination of Elkanich without first filing a motion or obtaining an order allowing that relief.  That action placed an undue burden on and expense to Elkanich who, though the Subpoena has no foundation, had to retain counsel, had to file pleadings and must go to court.   In addition, Debtors' counsel does not appear to have taken reasonable steps to avoid imposing undue burden or expense.  Debtors' counsel issued the Subpoena without conferring with Elkanich.  In fact, when Debtors' counsel called Elkanich on July 2, she hung up and had the Subpoena served (Elkanich Dec. ¶¶ 6-7).  The Subpoena demanded productions of 22 categories of documents while only providing 9 business days to review and produce documents.  In these circumstances, the court should not only quash the Subpoena as an undue burden under Federal Rule 45(c)(1) and (c)(3)(A)(iv), it should impose an appropriate sanction under Federal Rule 45(c)(1).

**C.      The Subpoena Requires Production of Privileged and Protected Matter.**

Federal Rule 45(c)(3)(A) states that "the issuing court must quash or modify a subpoena that: . . . (iii) requires disclosure of privilege or other protected matter, if no exception or waiver applies."

In this case, Debtors' Subpoena seeks to examine and obtain documents from Elkanich, as attorney for BONY as Intervenor in the Skagit County Proceeding (Elkanich Dec. Ex. 1, pp. 4-8; Norman Dec. ¶ 3).  The Subpoena demands production of documents and information protected

MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA FOR
RULE 2004 EXAMINATION

Coers Mitchell Law LLC
2100 NE Broadway, No. 309
Portland, Oregon  97232
T (503)719-6795 | F (503)374-9068

by the attorney-client privilege and work product doctrine (Elkanich Dec. ¶ 10). In addition, all the responsive information and material Elkanich has is related to the representation of his client (Elkanich Dec. ¶ 11). Disclosure pursuant to the Subpoena places Elkanich in the position of violating his ethical duties to his client in maintaining client confidences (Elkanich Dec. ¶ 11). Elkanich has a duty to maintain client confidences under Oregon and Washington RPC 1.6(a)[3] (Elkanich Dec. ¶ 11). This ethical obligation is broader than attorney-client privilege and work product doctrine. Because Elkanich's client has not consented or authorized him to produce any of the documentation or information in his file, Elkanich has an ethical duty not to disclose materials protected by his ethical obligations (Elkanich Dec. ¶ 11). Washington RPC 1.6(a); Oregon RPC 1.6(a).

Instead of issuing a subpoena directly to the Examination Entities, as provided in the Ex Parte Order issued by the Bankruptcy Court (and as directed in Federal Rule 30(b)(6)), Debtors sought information from BONY as Intervenor's attorney. Furthermore, contrary to the admonishment in Federal Rule 45(c)(1) requiring that counsel take reasonable steps to avoid undue burden and expense in making discovery requests, Debtors' counsel does not appear to have made reasonable steps to restrict or limit the information and materials sought so as to exclude any privilege or protected material requested as required by Federal Rule 45(c)(3)(A)(iv). Under these circumstances, the Court should quash the Subpoena pursuant to Federal Rule 45(c)(3)(A)(iv).

---

[3] RPC 1.6(a) states, "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b). " The comment for Washington's rule explains the scope of this duty, stating "[t]he confidentiality rule . . . applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose such information except as authorized or required by the Rules of Professional Conduct. "

MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION

**COERS MITCHELL LAW LLC**
2100 NE Broadway, No. 309
Portland, Oregon 97232
T (503)719-6795 | F (503)374-9068

**D.      The Subpoena Also Seeks Confidential Information.**

Federal Rule 45(c)(3)(B)(i) permits the court to quash a subpoena if it requires disclosing

"confidential research, development, or commercial information."  In addition to material

protected by attorney-client privilege or the work-product doctrine, the Subpoena seeks

information from Elkanich information that would be subject to a protective order under Federal

Rule 26(c)(1)(G), because it is confidential research, development, or commercial information of

his client (Elkanich Dec. ¶ 12).  Pursuant to Federal Rule 45(c)(3)(B)(i) the court should quash

the Subpoena on those grounds as well.

**E.      The Subpoena Does Not Allow a Reasonable Time to Respond.**

Pursuant to Federal Rule 45(c)(3)(A)(i), the court may quash the Subpoena if it "fails to

allow a reasonable time to comply."  If Elkanich were required to respond to the Subpoena,

Debtors have not allowed him a reasonable time to do so.  Given the breadth of the 22 categories

of material demanded in the Subpoena, seemingly aimed at piercing attorney-client privilege and

work product doctrine, Debtors could not reasonably expect Elkanich to respond by their July 16

deadline.  Debtors should have been aware that the unrestricted nature of the document demand

in the Subpoena would require more time.  Yet, Debtors seem to have made no effort to tailor or

restrict their demands.  Accordingly, the court should quash the subpoena pursuant to Federal

Rule 45(c)(3)(A)(i) as well.

**F.      The Debtors Failed to Comply With Local Rules of The Issuing Court.**

Finally, in issuing the Subpoena, Debtors' counsel did not comply with the LBR 2004-1.

LBR 2004-1(a) makes LR 30 applicable to 2004 exams in this district.  LR 30-2 requires counsel

to make a good faith effort to confer with all counsel regarding the date, time and place for

examination prior to serving a notice for the examination, unless good cause exists.  LBR 2004-

MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA FOR
RULE 2004 EXAMINATION

COERS MITCHELL LAW LLC
2100 NE Broadway, No. 309
Portland, Oregon  97232
T (503)719-6795 | F (503)374-9068

1(b)(1) requires a party to confer with an adverse party before giving notice of a deposition. Prior to serving the Subpoena on Elkanich, counsel for Debtors did not comply with the issuing court's rules and speak to Mr. Norman, who represents BONY as Trustee in the Bankruptcy case, or even Elkanich. Had Debtors' counsel properly and timely conferred, she may have been persuaded not to issue the invalid Subpoena, to take reasonable steps to not impose burdensome document requests or, at the very least, to set a reasonable time for the examination and document response. In deciding whether Debtors and their counsel took reasonable steps to avoid imposing undue burden on Elkanich as required by Federal Rule 45(c)(1) and Federal Rule 45(c)(3)(A)(iv), the court should consider Debtors' failure to comply with this most basic requirement to confer.

## CONCLUSION

This court should quash the Subpoena pursuant to Federal Rule 45(c)(1) and (3). The Subpoena lacks the required authority for its issuance, seeks materials not subject to discovery, places an undue burden on Elkanich and fails to allow a reasonable time to comply, even if it were valid. Given the circumstances, including the failure to confer or take reasonable steps to avoid imposing undue burden and expense, the court should impose an appropriate sanction.

Respectfully submitted this 11th day of July, 2012.

COERS MITCHELL LAW LLC

*/s/ Johnston Mitchell*
Johnston Mitchell OSB No. 924060
503.719.6795
johnstonlaw@comcast.net
Christine Coers-Mitchell, OSB No. 922600
503.719.6795
coers@comcast.net

Attorneys for David Elkanich

Page 10 of 10 –   MEMORANDUM IN SUPPORT OF
                   MOTION TO QUASH SUBPOENA FOR
                   RULE 2004 EXAMINATION

COERS MITCHELL LAW LLC
2100 NE Broadway, No. 309
Portland, Oregon 97232
T (503)719-6795 | F (503)374-9068

Case 12-00303-tmb   Doc 1   Filed 07/11/12

**Johnston A. Mitchell**
OSB No. 924060
johnstonlaw@comcast.net
**Christine Coers-Mitchell**
OSB No. 922600
coers@comcast.net
Coers Mitchell Law LLC
2100 NE Broadway, No. 309
Portland, Oregon 97232
Telephone: 503.719.6795
Facsimile: 503.374.9068


Attorneys for David J. Elkanich


## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>JACKIE L. FREEMAN and<br><br>KIMBERLY FREEMAN,<br><br>        Debtors. | Miscellaneous Proceeding No. 12-00303-tmb<br><br>(United States Bankruptcy Court for Western District of Washington, Bankr. Case No. 12-13169-KAO)<br><br>DECLARATION OF DAVID ELKANICH IN SUPPORT OF MOTION TO QUASH SUPOENA FOR RULE 2004 EXAMINATION |

I, David Elkanich, declare:

1. I make this declaration in support of the motion to quash subpoena for Rule 2004 Examination filed on my behalf.

2. I am an attorney at Hinshaw & Culbertson LLP. I am member in good standing of the Oregon State Bar, Idaho State Bar and Washington State Bar.

3. In addition to my defense practice, a large portion of my legal practice focuses on attorney disciplinary and legal ethics matters. I advise lawyers about their professional

Page 1 of 3 – DECLARATION OF DAVID ELKANICH IN
SUPPORT OF MOTION TO QUASH SUPOENA
FOR RULE 2004 EXAMINATION

responsibility, including about their duty of confidentiality and about the attorney-client privilege and work product doctrine.

4.     I am one of the attorneys who represent Intervenor Bank of New York Mellon, as Successor Trustee under Novastar Mortgage Funding Trust, 2005-3 ("BONY as Intervenor") in a pending proceeding brought by Jackie and Kimberly Freeman in the Superior Court of the State Washington in and for the County of Skagit, entitled *Freeman vs. Quality Loan Services* (Case No. 10-2-00836-8) ("Skagit County Proceeding").

5.     I do not represent BONY as Intervenor or any other entity in Jackie and Kimberly Freeman's bankruptcy case pending in the United States District Court for the Western District of Washington (Case. No. 12-13169-KAO) ("Bankruptcy Case").

6.     On July 2, 2012, my office received a telephone call from Ha Thu Dao.  She asked to speak with me.  I was asked if I wanted to take the call.  I said yes.  The call was transferred to my office.  When I picked up the telephone, there was silence.  No one responded.

7.     A short time later, a man arrived at my law firm and served a Subpoena for Rule 2004 Examination ("Subpoena") and Ex Parte Order Allowing 2004 Examination entered in the Bankruptcy Case (Dkt. # 39) ("Ex Parte Order").  I did not receive fees for attendance and mileage on July 2, 2012.

8.     On July 3, 2012, I received in the mail the Subpoena, Ex Parte Order and check in the amount of $41.00.  A true and genuine copy of these documents is attached as Exhibit 1.  No one conferred with me about the date and time of the exam.

9.     I have read the Debtors' Motion for Ex Parte Order Allowing 2004 Examination filed in the Bankruptcy Case (Dkt. # 33) ("Ex Parte Motion") and Ex Parte Order.  I have not been authorized or designated to testify on behalf of the entities described in the Ex Parte

DECLARATION OF DAVID ELKANICH IN SUPPORT OF MOTION TO QUASH SUPOENA FOR RULE 2004 EXAMINATION

**COERS MITCHELL LAW LLC**
2100 NE Broadway, No. 309
Portland, Oregon   97232
T (503)719-6795 | F (503)374-9068

Motion and subject to the Ex Parte Order. In addition, I have not consented to testify on behalf of those entities.

10.     I have read the Subpoena, including Exhibit A (Documents Commanded For Production to Inspected & Copied at 2004 Examination). The Subpoena demands production of documents and information protected by the attorney-client privilege and work product doctrine.

11.     In addition, the Subpoena puts me in jeopardy violating my ethical duty to maintain client confidences under Oregon and Washington RPC 1.6(a), since all information I have is information relating to the representation of my client. This ethical obligation embraces the attorney-client privilege and work-product doctrine, but is also broader than attorney-client privilege and work product doctrine. My client has not consented or authorized me to produce any of the documentation or information in my file. In my view, all or virtually all of the documents and information in my file is protected by my ethical obligations.

12.     Finally, the Subpoena seeks information that would be subject to a protective order under Federal Rule 26(c)(1)(G), because it is confidential research, development, or commercial information.

13.     If required to produce a privilege log, that process would be time consuming and could not reasonably be completed by July 16, 2012.

**I DECLARE UNDER PENTALY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on July 11, 2012, in Portland, Oregon.


*/s/ David Elkanich*
David Elkanich

DECLARATION OF DAVID ELKANICH IN SUPPORT OF MOTION TO QUASH SUPOENA FOR RULE 2004 EXAMINATION

**COERS MITCHELL LAW LLC**
2100 NE Broadway, No. 309
Portland, Oregon  97232
T (503)719-6795 | F (503)374-9068

David J. Elkanich, Esq.
Hinshaw Culbertson LLP
1000 SW Broadway, Ste 1250
Portland, OR 97205-3000

Ha Thu Dao, Esq.
Robbins Herber PS
3501 Rucker Ave
Everett, WA 98201

Exhibit 1
Page 1 of 11

**GRAND CENTRAL LAW, PLLC**

1608

63-27/631 FL
24378

7/2/2012

Pay To The
Order of    David J. ElKanich Esq.    $ 41.00

Forty one'd 00/100 ——————— Dollars

**Bank of America**

ACH R/T 063100277

SVb Fee Freeman

MP

⑈ 1608

Harland Clarke

Exhibit 1
Page 2 of 11

# UNITED STATES BANKRUPTCY COURT

_____Oregon_____ District of _____OREGON_____

In re   Debtor
    JACK L. FREEMAN
    KIMBERLY FREEMAN

To:   DAVID J. ELKANICH, ESQ.
    HINSHAW CULBERTSON LLP
    1000 SW BROADWAY, STE 1250
    PORTLAND, OR 97205-3000
    TEL 503-243-3243

### SUBPOENA FOR RULE 2004 EXAMINATION

Case No.*   12-13169-KAO

Chapter   13, WESTERN DISTRICT OF WASHINGTON

☑   YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Moore Henderson Thomas Dalton, 111 S.W. Columbia Suite 820 Portland, Oregon 97201 | 1:00 p.m., Monday, July 16, 2012 |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| _(signature)_ Counsel for Debtors | July 2, 2012 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Ha Thu Dao, Esq., Robbins & Herber, PS, 3501 Rucker Ave, Everett WA 98201 Direct Line 7272699334

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

IN THE MATTER OF:

JACKIE L. FREEMAN
KIMBERLY R. FREEMAN

No. 12-13169KAO

EXHIBIT A
DOCUMENTS COMMANDED
FOR PRODUCTION TO BE
INSPECTED & COPIED AT 2004
EXAMINATION

## DEFINITIONS

The following definitions are incorporated by reference into each document request specified below. This request for production of documents is intended to cover all documents in your possession, custody or control wherever located, and specifically includes all documents in the possession, custody or control of your agents, attorneys, investigators, representatives and each of them.

**"And"** and **"or"** as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

**"Any"** means one or more.

**"Bankruptcy Case"** as used herein means the Chapter 13 Bankruptcy Case No. 12-13169KAO in Western District of WA.

**"Foreclosure Case"** as used herein means Washington, Skagit County Superior Court Case No. 10-2-00838-8.

**"Concerning"** or **"concern"** shall mean in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, concerning, constituting, embodying, and/or mentioning.

**"Debtors"** as used herein means Jackie "Jack" L. Freeman and Kimberly R. Freeman.

Exhibit 1
Page 4 of 11

1

Case 12-00303-tmb    Doc 1    Filed 07/11/12

**"Describe," "discuss," "analyze," "describing," "discussion,"** or **"analyzing,"** mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

**"Document"** or **"Documents"** means and is intended to have the broadest possible meaning and includes, without limitation, any writings, electronic transmissions, email, drawings, graphs, charts, photographs, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary through detection devices into reasonably usable form, or other information, including originals, copies (if the original is no longer available), translations and drafts thereof and all copies bearing notations and marks not found on the original. The term "document or documents" includes without limitation, account statements, affidavits, analyses, appraisals, confirmations, contracts, correspondence, communications, deeds of trust, diskettes, drafts, estimates, evaluations, filings, financial statements, forms, journals, ledgers, letters, lists, memoranda, minutes, notations, notes, opinions, orders, pamphlets, papers, employee's review checklists, permanent files, pictures, press releases, projections, prospectuses, publications, receipts, recordings of conferences, conversations or meetings, reports, statements, statistical records, studies, summaries, tabulations, telegrams, telephone records, telex messages, transcripts, understandings, videotapes, vouchers, work papers, copies of records and documents, and sheets or things similar to any of the foregoing however denominated. The term "Document" or "Documents" further means any document now or at any time in the possession, custody , or control of the entity to whom this document request is directed (together with any predecessors, successors, affiliates, subsidiaries or divisions thereof, and their officers, directors, employees, agents and attorneys). Without limiting the term "control" as used in the preceding sentence, a person is deemed to be in control of a document if the person has a right to secure the document or a copy thereof. **Unless identified more precisely, a request for a document or documents means those that were effective and/or created between the creation of the subject mortgage loan on 8/24/2005 and the present.**

**"Person"** means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or non-for-profit, or partially or fully government owned or controlled.

**"Relate to"** and **"relating to"** mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

**"This case"** or **"the case"** means the bankruptcy case that is captioned on the face of this subpoena.

Exhibit 1
Page 5 of 11

2

Case 12-00303-tmb    Doc 1    Filed 07/11/12

"**You**" and/or "**Your**" refers to and means "Bank of New York Mellon, as Successor Trustee under Novastar Mortgage Funding Trust, Series 2005-3, by Saxon Mortgage Services Inc., as Attorney in Fact," and all officers, agents, attorneys and employees thereof.

"**Evaluation**" refers to and means the process of making a judgment or decision about how to handle, treat, respond, react, manage, or in any way dealing with the event causing the subject real property of 45872 Division Street, Concrete, WA 98237, to be damaged or destroyed on or about January 7, 2009, where the property was used as collateral for the mortgage loan obtained by Debtors.

## DOCUMENTS TO BE PRODUCED FOR INSPECTION & TO BE COPIED

1.      Each document in your possession, custody or control related to the handling of the mortgage loan in this case from January 7, 2009, to the present, including but not limited to all responses made to the event of the subject property being damaged or destroyed by the storm of January 7, 2009.

2.      Each document in your possession, custody, or control which constitutes, reflects, refers or relates to the possession, ownership, or servicing of the mortgage note, including but not limited to endorsements, assignments, trust agreements, nomination agreements, servicing agreements, or pooling agreements.

3.      Each document in your possession, custody, or control which constitutes, reflects, refers or relates to instructions or directions received by You from any party concerning the evaluation of the status of the mortgage loan for default, acceleration, and preparing, filing or prosecuting any foreclosure.

4.      Each document in your possession, custody, or control which constitutes, reflects, refers or relates to internal memoranda, instructional or operational memoranda, training materials and any other materials or documents relating to the foreclosure on the Debtors' home located at 45872 Division Street, Concrete, WA 98237.

5.      Each document in your possession, custody, or control which constitutes, reflects, refers or relates to any contract between You and any person or entity responsible for servicing the Debtors' mortgage note or loan.

6.      All documents relating or referring to Debtors, or which are indexed, filed or retrievable under Debtors' names or any numbers, symbols, designations or codes (such as an account number or Social Security number) assigned to the Debtors or their mortgage loan.

7.      All documents constituting, reflecting, referring or relating to the provision of any disclosure statements given to the Debtors and any other notices of Debtors' rights.

Exhibit 1
Page 6 of 11

3

Case 12-00303-tmb    Doc 1    Filed 07/11/12

8. All documents constituting, reflecting, referring or relating to notifying the Debtors of your intent to accelerate the mortgage loan including proof of mailing or service of the same.

9. All documents constituting, reflecting, referring or relating to the calculation of each of the payoff figures that have been published, produced or communicated about the mortgage loan since January 7, 2009, until the present.

10. All documents constituting, reflecting, referring or relating any action on your part to investigate the nature and extent of the damage or destruction of the subject property as a result of the storm occurring on January 7, 2009.

11. All documents constituting, reflecting, referring or relating to your assertion that "The Bank of New York Mellon, as Successor Trustee under NovaStar Mortgage Funding Trust, Series 2005-3 by Saxon Mortgage Services, Inc., as Attorney in Fact, is the actual holder of the Promissory Note dated 8/24/2005, in the principal amount of $84,800.00".

12. All documents constituting, reflecting, referring or relating to your assertion that Saxon Mortgage Services, Inc., was acting as attorney in-fact for "The Bank of New York Mellon, as Successor Trustee under NovaStar Mortgage Funding Trust, Series 2005-3 by Saxon Mortgage Services, Inc."

13. All documents that concern, refer, or relate to any instructions or policies to Your agents or employees concerning the servicing of the mortgage loan beginning on January 7, 2009, and up to the present.

14. All contracts between you and any provider of legal, inspection, insurance, or other services charged or related in any way to the Debtors' mortgage loan.

15. All documents that relate or refer to any relationship, affiliation, or course of conduct between you and any provider of legal, inspection, insurance, or other services charged or related to the Debtors' mortgage loan.

16. All documents that can support your assertion that presently Debtors owe you more for the mortgage loan than the principal amount of $84,800.00

17. If a third-party investor holds any interest in the obligation underlying this action, or if this obligation has been or is part of a pool of obligations that have been securitized, all prospectuses, pooling and servicing agreements or reports concerning that loan pool, including documents which describe the investment and those that describe the performance of the loans in such pool, and all documents relating or referring to same.

18. All documents setting forth your document destruction and retention policies, and all documents that relate or refer to same.

1    **19. Original Note.**

2    **20. Power of Attorney authorizing Saxon Mortgage Services Inc., to act as attorney
in fact for "The Bank of New York Mellon, as Successor Trustee under NovaStar**

3    **Mortgage Funding Trust, Series 2005-3 by Saxon Mortgage Services Inc., as
Attorney in Fact."**

4

   **21. Documents identifying the original Trustee "under NovaStar Mortgage Funding**

5    **Trust, Series 2005-3" and appointing The Bank of New York Mellon as Successor
Trustee.**

6

   **22. Documents identifying and confirming the entity for which The Bank of New**

7    **York succeeded as Trustee. If this is a mortgage-backed securitized trust, all
documents relating to the trust, including the Pooling and Servicing Agreement**

8    **which should include the list of loan containing the subject mortgage loan obtained
by the Debtors on August 24, 2005 as part of the pool.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
DATE                                               SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 1
Page 9 of 11

Below is the Order of the Court.

*Karen A. Overstreet*

Karen A. Overstreet
U.S. Bankruptcy Judge
(Dated as of Entered on Docket date above)

1
2
3
4
5
6
7
8

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

9  IN THE MATTER OF:

10  JACKIE L. FREEMAN
    KIMBERLY R. FREEMAN

No.  12-13169KAO

EX PARTE ORDER ALLOWING
2004 EXAMINATION

11
12
13      THIS MATTER came before the Court upon Motion for *Ex Parte* Order Allowing

14  Debtors to Conduct 2004 Examination of two separate entities, *"Bank of New York*

15  *Mellon, formerly known as the Bank of New York as Successor Trustee for JP Morgan*

16  *Chase Bank, National Association, as Trustee for Novastar Mortgage Funding Trust,*

17  *Series 2005-3 Novastar Home Equity Loan Asset-Backed Certificates, Series 2005-3"*,

18  and "The Bank of New York Mellon as Successor Trustee under Novastar Mortgage

19  Funding Trust, Series 2005-3, by Saxon Mortgage Services, Inc., as Attorney in Fact"

20  who appeared in the Skagit County Superior Court case number 10-2-00836-8, in order to

21  determine the nature and scope of its potential claim being asserted upon the property of

22  the estate.

23
24

1    2.    The instant Chapter 13 voluntary petition was filed on March 29, 2012 in

2    case number 12-13169KAO (Doc.1). The 341 Creditors Meeting took place on May 23,

3    2012 (Doc.8). Debtors listed as the Bank of New York Mellon as one of the creditors.

4    Neither of the aforementioned entities has filed a proof of claim. The bar date is not until

5    August 21, 2012 (Doc. 18).

6    3.    The Court, having reviewed the motion and the representations made

7    thereof, issues this EX PARTE ORDER allowing Debtors to take 2004 examination of

8    the requested entities pursuant to a subpoena issued by counsel pursuant to Fed. R.

9    Civ P. 45 (a)(3), made applicable to bankruptcy proceedings by Fed. R. Bankr. P.
     9016, with not less than 10 days notice of the date and time of the examination.

10   ///END OF ORDER///

11

12

13   Presented by:
     HA THU DAO, WABN 21793
     Robbins & Herber, PS
14   Attorney for Debtors
     3501 Rucker Ave, Everett, WA 98201
15   425-339-5537
     hadaojd@gmail.com

16

17

18

19

20

21

22

23

24

**Johnston A. Mitchell**
OSB No. 924060
johnstonlaw@comcast.net
**Christine Coers-Mitchell**
OSB No. 922600
coers@comcast.net
Coers Mitchell Law LLC
2100 NE Broadway, No. 309
Portland, Oregon 97232
Telephone: 503.719.6795
Facsimile: 503.374.9068

Attorneys for David Elkanich

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>JACKIE FREEMAN and<br><br>KIMBERLY FREEMAN<br><br>          Debtors | Miscellaneous Proceeding No. 12-00303-tmb<br><br>(United States Bankruptcy Court for Western District of Washington, Bankr. Case No. 12-13169-KAO)<br><br>DECLARATION OF JOHNSTON MITCHELL IN SUPPORT OF (A) MOTION TO QUASH SUPOENA FOR RULE 2004 EXAMINATION AND (B) MOTION FOR EXPEDITED HEARING REGARDING MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION |

I, Johnston Mitchell, declare:

1.　　I am one of the attorneys representing David J. Elkanich ("Elkanich") in connection with a motion to quash subpoena for Rule 2004 exam ("Motion to Quash").

2.　　I make this declaration in support of the Motion to Quash filed on behalf of David Elkanich and in connection with a motion for expedited hearing regarding the Motion to Quash.

3.	On July 8, 2012, using PACER, I retrieved the bankruptcy case docket for In re Jackie L. and Kimberly Freeman, United States Bankruptcy Court for the Western District of Washington (Bankr. Case No. 12-13169-KAO).  A true and genuine copy of that docket is attached as Exhibit 1.

4.	I retrieved Debtors' Motion For Ex Parte Order Allowing 2004 Examination (Dkt. # 33) ("Motion for Rule 2004 Exam").  A true and genuine copy of the Motion for Rule 2004 Exam is attached as Exhibit 2.

5.	I retrieved Ex Parte Order Allowing 2004 Examination (Dkt. # 39) ("Order").  A true and genuine copy of the Order is attached as Exhibit 3.

6.	On July 9, 2012, I called the Debtors' attorney, Ha Thu Dao, regarding the subpoena at issue.  Ms. Dao did not agree to withdraw the subpoena at issue.

7.	On July 9, 2012, I also conferred with Ms. Dao about an expedited hearing.  Ms. Dao directed me to report that she opposes a request for an expedited hearing.  I emailed a letter to Ms. Dao following my call.  A copy of that letter is attached as Exhibit 4.

8.	I certify that the Motion to Quash was or will be served by email on the date that the motion is filed.  Ms. Dao agreed to accept service by email during the telephone call on July 9, 2012.

**I DECLARE UNDER PENTALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on July 10, 2012, in Portland, Oregon.

_/s/ Johnston Mitchell_____
Johnston A. Mitchell

DECLARATION OF JOHNSTON
MITCHELL IN SUPPORT OF MOTIONS

COERS MITCHELL LAW LLC
2100 NE Broadway, No. 309
Portland, Oregon  97232
T (503)719-6795 | F (503)374-9068

**DebtEdJt, DebtEd, Dom**

# U.S. Bankruptcy Court
## Western District of Washington (Seattle)
## Bankruptcy Petition #: 12-13169-KAO

*Date filed:* 03/29/2012

*Assigned to:* Karen A. Overstreet
Chapter 13
Voluntary
Asset

| | |
|---|---|
| ***Debtor*** | represented by **Ha T Dao** |
| **Jackie L Freeman** | Robbins & Herber PS |
| 7777 Wilderness Drive | 3501 Rucker Avenue |
| Concrete, WA 98237 | Everett, WA 98201 |
| SKAGIT-WA | 425-339-5537 |
| SSN / ITIN: xxx-xx-7461 | Email: hadaojd@gmail.com |
| *aka* Jack L Freeman | |

| | |
|---|---|
| ***Joint Debtor*** | represented by **Ha T Dao** |
| **Kimberly R Freeman** | (See above for address) |
| 7777 Wilderness Drive | |
| Concrete, WA 98237 | |
| SKAGIT-WA | |
| SSN / ITIN: xxx-xx-6848 | |

***Trustee***
**K Michael Fitzgerald**
600 University St #2200
Seattle, WA 98101
206-624-5124

***US Trustee***
**United States Trustee**
700 Stewart St Ste 5103
Seattle, WA 98101
(206) 553-2000

| Filing Date | # | Docket Text |
|---|---|---|
| 03/29/2012 | 🌐1 | Chapter 13 Voluntary Petition . Government Proof of Claim due by 09/25/2012. Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly Freeman (Dao, Ha) (Entered: 03/29/2012 at 14:01:48) |
| | | Social Security Number(s) of Debtor(s) Submitted. PDF only |

Case 12-00303-tmb    Doc 1    Filed 07/11/12

| | | |
|---|---|---|
| 03/29/2012 | 🔵2 | viewable by court. Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly Freeman. (Dao, Ha) (Entered: 03/29/2012 at 14:23:09) |
| 03/29/2012 | 🔵3 | Disclosure of Compensation of Attorney for Debtor . Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly Freeman. (Dao, Ha) (Entered: 03/29/2012 at 14:25:29) |
| 03/29/2012 | 🔵4 | Certificate of Credit Counseling for Debtor . Filed by Ha T Dao on behalf of Jackie L Freeman. (Dao, Ha) (Entered: 03/29/2012 at 14:50:35) |
| 03/29/2012 | 🔵5 | Certificate of Credit Counseling for Joint Debtor . Filed by Ha T Dao on behalf of Kimberly Freeman. (Dao, Ha) (Entered: 03/29/2012 at 14:51:12) |
| 03/29/2012 | 🔵 | Creditor matrix uploaded/added 8 creditor(s). (admin) (Entered: 03/29/2012 at 15:02:02) |
| 03/29/2012 | 🔵6 | Report RE: .. Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly Freeman. (Related document(s) Creditors Uploaded). (Dao, Ha) (Entered: 03/29/2012 at 15:04:37) |
| 03/29/2012 | 🔵7 | Amendment to *Voluntary Petition Correcting Address Spelling*. Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly Freeman. (Dao, Ha) (Entered: 03/29/2012 at 15:17:55) |
| 03/30/2012 | 🔵8 | Meeting of Creditors & Notice of Appointment of Interim Trustee K Michael Fitzgerald, with 341(a) meeting to be held on 05/23/2012 at 11:00 AM at Everett Red Cross Building (341 Meetings). Confirmation hearing to be held on 06/27/2012 at 09:00 AM at Marysville Municipal Court. Proof of Claim due by 08/21/2012. Objections for Discharge and Reaffirmation Agreements due by 07/23/2012. (admin, ) (Entered: 03/30/2012 at 00:12:03) |
| 03/30/2012 | 🔵 | Set Deadline. Chapter 13 Plan Status Report due by 12/19/2012. (Entered: 03/30/2012 at 00:23:04) |
| 04/02/2012 | 🔵 | Fee Due $ 281.00 per attorney request (Related document(s)1 Chapter 13 Voluntary Petition). (BEF) (Entered: 04/02/2012 at 11:39:17) |
| | | Set Filings Due (Correcting Case Opening) . Missing Schedules A-J, Summary of Schedules and Statistical Summary, Statement of Financial Affairs, Statement of Current Monthly Income (Form 22C) and Chapter 13 Plan. Incomplete Filings due by |

Case 12-00303-tmb   Doc 1   Filed 07/11/12

| 04/03/2012 | ⚫ | 4/17/2012. (TDB) (Entered: 04/03/2012 at 10:32:16) |
|---|---|---|
| 04/03/2012 | ⚫9 | Notice of Deficient Filing . (TDB) (Entered: 04/03/2012 at 10:32:37) |
| 04/03/2012 | ⚫10 | 341 Meeting of Creditors Notice Sent to BNC for Mailing . (TDB) (Entered: 04/03/2012 at 10:34:15) |
| 04/03/2012 | | Receipt of filing fee for Chapter 13 Voluntary Petition(2:12-bk-13169) [misc,1030] ( 281.00). Receipt number 15255277. Fee amount $ 281.00. (U.S. Treasury) (Entered: 04/03/2012 at 15:43:01) |
| 04/05/2012 | ⚫11 | BNC Certificate of Mailing - Meeting of Creditors (Related document(s)10 341 Meeting of Creditors Sent to BNC for Mailing). Notice Date 04/05/2012. (Admin.) (Entered: 04/05/2012 at 21:50:46) |
| 04/05/2012 | ⚫12 | BNC Certificate of Notice (Related document(s)9 Notice of Deficient Filing). Notice Date 04/05/2012. (Admin.) (Entered: 04/05/2012 at 21:50:46) |
| 04/15/2012 | ⚫13 | Request for Special Notice. Filed by The Bureaus, Inc.. (Recovery Management Systems Corp) (Entered: 04/15/2012 at 03:51:19) |
| 04/17/2012 | ⚫14 | Chapter 13 Statement of Current Monthly and Disposable Income . Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Dao, Ha) (Entered: 04/17/2012 at 13:33:21) |
| 04/17/2012 | ⚫15 | Statement of Financial Affairs . Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Dao, Ha) (Entered: 04/17/2012 at 13:34:03) |
| 04/17/2012 | ⚫16 | Schedules *A-J*. Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Dao, Ha) (Entered: 04/17/2012 at 13:37:33) |
| 04/17/2012 | ⚫17 | Amendment to *Creditor Mailing Matrix*. Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Attachments: # 1 Notice of Amendment# 2 Proof of Service) (Dao, Ha) (Entered: 04/17/2012 at 13:44:57) |
| 04/17/2012 | ⚫18 | Chapter 13 Plan. Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Dao, Ha) (Entered: 04/17/2012 at 13:45:37) |

Exhibit 1
Page 3 of 8

Case 12-00303-tmb    Doc 1    Filed 07/11/12

| | | |
|---|---|---|
| 04/26/2012 | ⬤19 | Notice of Appearance *for Bank of New York Mellon, formerly known as the Bank of New York as Successor Trustee for JP Morgan Chase Bank, Natonal Associatoin, as Trustee for Novastar Mortgage Funding Trust, Series 2005-3 Novastar Home Equity Loan Asset-Backed Certificates, Series 2005-3* Filed by Robert W Norman on behalf of Bank of New York Mellon. (Norman, Robert) (Entered: 04/26/2012 at 15:26:29) |
| 04/26/2012 | ⬤20 | Trustee's Direction to Pay Debtor's Earnings to Trustee (Fitzgerald, K) (Entered: 04/26/2012 at 17:00:05) |
| 05/04/2012 | ⬤21 | Amendment to *Voluntary Petition, Correcting Prior Filed Bankruptcy Case District.* Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Attachments: # 1 Proof of Service # 2 Exhibit Creditor Mailing Matrix) (Dao, Ha) (Entered: 05/04/2012 at 10:20:46) |
| 05/17/2012 | ⬤22 | DOCKETED IN ERROR. Incorrect Case & District attached on PDF. ~~Ex Parte Application for FRBP 2004 Examination .. Filed by Ha T Dao on behalf of Jackie L Freeman (Attachments: # 1 Exhibit A Notice of Trustee's Sale# 2 Exhibit B Sale Agreement to Town of Concrete# 3 Exhibit C Declaration in Support of Motion for SJ) (Dao, Ha)~~ Modified on 5/18/2012 (Cacho, Renato). (Entered: 05/17/2012 at 09:59:19) |
| 05/17/2012 | ⬤23 | Amended Trustee's Direction to Pay Debtor's Earnings to Trustee (Fitzgerald, K) (Entered: 05/17/2012 at 17:00:45) |
| 05/18/2012 | ⬤24 | Amended Trustee's Direction to Pay Debtor's Earnings to Trustee (Fitzgerald, K) (Entered: 05/18/2012 at 16:31:11) |
| 05/22/2012 | ⬤25 | Objection to Confirmation of Chapter 13 Plan (Related document(s) 8 Meeting of Creditors Chapter 13 AutoAssign, 18 Chapter 13 Plan). Filed by K Michael Fitzgerald on behalf of K Michael Fitzgerald. (Fitzgerald, K) (Entered: 05/22/2012 at 16:23:27) |
| 05/24/2012 | ⬤26 | Proof of Service *Declaration of Mailing.* Filed by K Michael Fitzgerald on behalf of K Michael Fitzgerald. (Related document(s)25 Objection to Ch 13 Plan). (Fitzgerald, K) (Entered: 05/24/2012 at 16:07:26) |
| 05/29/2012 | ⬤ | Statement Adjourning 341(a) Meeting of Creditors. Debtor(s) appeared. . (Fitzgerald, K) (Entered: 05/29/2012 at 13:05:41) |
| | | First Amended Chapter 13 Plan (Related document(s)26 Proof of Service). Filed by Ha T Dao on behalf of Jackie L Freeman, |

| | | |
|---|---|---|
| 05/30/2012 | 🔘27 | Kimberly R Freeman. (Attachments: # 1 Notice of Hearing # 2 Proposed Order # 3 Proof of Service # 4 Exhibit Creditor Mailing Matrix)(Dao, Ha) (Entered: 05/30/2012 at 10:17:35) |
| 05/30/2012 | 🔘28 | Amendment to Schedules I,J . Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Dao, Ha) (Entered: 05/30/2012 at 10:19:26) |
| 05/30/2012 | 🔘29 | Second Amended Chapter 13 Plan (Related document(s)26 Proof of Service). Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Attachments: # 1 Notice of Hearing # 2 Proposed Order # 3 Proof of Service # 4 Exhibit Creditor Mailing Matrix)(Dao, Ha) (Entered: 05/30/2012 at 10:35:10) |
| 05/30/2012 | 🔘30 | Amendment to Schedules J . Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Dao, Ha) (Entered: 05/30/2012 at 11:47:45) |
| 05/30/2012 | 🔘31 | Fourth Amended Chapter 13 Plan (Related document(s)26 Proof of Service, 30 Amendment). Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Attachments: # 1 Notice of Hearing And Motion to Approve# 2 Proposed Order To Approve Plan# 3 Proof of Service # 4 Exhibit Creditor Mailing Matrix)(Dao, Ha) (Entered: 05/30/2012 at 11:50:35) |
| 05/30/2012 | 🔘32 | Fourth Amended Chapter 13 Plan (Related document(s) Chapter 13 Completed Meeting of Creditors, 30 Amendment). Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Attachments: # 1 Notice of Hearing And Motion to Approve# 2 Proposed Order To Approve Plan# 3 Proof of Service # 4 Exhibit Creditor Mailing Matrix)(Dao, Ha) (Entered: 05/30/2012 at 12:01:51) |
| 06/05/2012 | 🔘33 | Ex Parte Application for FRBP 2004 Examination .. Filed by Ha T Dao on behalf of Jackie L Freeman (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (Dao, Ha) (Entered: 06/05/2012 at 18:35:51) |
| 06/05/2012 | 🔘34 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Dao, Ha. Related document 33 (Entered: 06/05/2012 at 19:02:01) |
| | | Trustee's Objection to Exemptions Filed by Scott D Crawford on behalf of K Michael Fitzgerald. The Hearing date is set for 8/22/2012 at 09:00 AM at Marysville Municipal Court. Response due by 8/15/2012. (Attachments: # 1 Notice of Hearing # 2 Proposed Order)(Crawford, Scott) (Entered: |

| 06/06/2012 | 35 | 06/06/2012 at 09:42:31) |
|---|---|---|
| 06/06/2012 | 36 | Chapter 13 Trustee's Motion to Dismiss (Unconfirmed Case), Notice of Hearing and Certificate of Mailing. Hearing to Dismiss Chapter 13 Case Scheduled for 8/22/2012 at 9:00 AM at Marysville Municipal Court. Response due by 8/15/2012. (Fitzgerald, K) (Entered: 06/06/2012 at 15:33:36) |
| 06/06/2012 | 37 | Proof of Service *Declaration of Mailing*. Filed by K Michael Fitzgerald on behalf of K Michael Fitzgerald. (Related document(s)35 Objection to Exemptions Trustee). (Fitzgerald, K) (Entered: 06/06/2012 at 16:17:27) |
| 06/06/2012 | 38 | Objection *to Debtor's Motion for Ex Parte Order Allowing 2004 Examination* (Related document(s)33 Application for FRBP 2004 Examination). Proof of Service. Filed by Robert W Norman on behalf of Bank of New York Mellon. (Norman, Robert) (Entered: 06/06/2012 at 17:00:27) |
| 06/07/2012 | 39 | Ex Parte ORDER Allowing 2004 Examination (Related Doc # 33) . (RQC) (Entered: 06/07/2012 at 10:21:26) |
| 06/07/2012 | 40 | Proof of Service *Declaration of Mailing*. Filed by K Michael Fitzgerald on behalf of K Michael Fitzgerald. (Related document(s)36 Ch 13 Trustee Motion to Dismiss Case). (Fitzgerald, K) (Entered: 06/07/2012 at 13:55:42) |
| 06/11/2012 | 41 | Declaration *of Mailing of Ex Parte Order...* Filed by Ha T Dao on behalf of Jackie L Freeman. (Dao, Ha) (Entered: 06/11/2012 at 05:57:23) |
| 06/12/2012 | 42 | Objection to Confirmation of Chapter 13 Plan (Related document(s)32 Amended Plan). Proof of Service. Filed by Robert W Norman on behalf of Bank of New York Mellon. (Attachments: # 1 Exhibit A1-A25# 2 Exhibit B26-B28# 3 Exhibit C29-C37# 4 Exhibit D-38-D-42) (Norman, Robert) (Entered: 06/12/2012 at 15:04:26) |
| 06/18/2012 | 43 | Debtor's Response to (Related document(s)35 Objection to Exemptions Trustee, 36 Ch 13 Trustee Motion to Dismiss Case)... Filed by Ha T Dao on behalf of Jackie L Freeman. (Dao, Ha) (Entered: 06/18/2012 at 20:26:30) |
| 06/18/2012 | 44 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Dao, Ha. Related document 36 (Entered: 06/18/2012 at 22:04:08) |
| | | |

Exhibit 1
Page 6 of 8

Case 12-00303-tmb    Doc 1    Filed 07/11/12

| 06/19/2012 | 🔵45 | Submitted But Not Entered (Related document(s)36 Ch 13 Trustee Motion to Dismiss Case). (RQC) (Entered: 06/19/2012 at 10:06:55) |
|---|---|---|
| 06/19/2012 | 🔵46 | Amendment to Schedules B & C . Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Dao, Ha) (Entered: 06/19/2012 at 16:14:01) |
| 06/19/2012 | 🔵47 | Fifth Amended Chapter 13 Plan (Related document(s)26 Proof of Service, 37 Proof of Service, 40 Proof of Service, 44 Received UNSIGNED Order). Filed by Ha T Dao on behalf of Jackie L Freeman, Kimberly R Freeman. (Attachments: # 1 Proof of Service # 2 Exhibit Creditor Mailing Matrix)(Dao, Ha) (Entered: 06/19/2012 at 18:28:46) |
| 06/21/2012 | 🔵 | Notice to Court of Intent to Argue. Date of Hearing: 6/27/2012. Filed by K Michael Fitzgerald on behalf of Bank of New York Mellon. (Related document(s) 8 Meeting of Creditors Chapter 13 AutoAssign, 10 341 Meeting of Creditors Sent to BNC for Mailing, 18 Chapter 13 Plan, 25 Objection to Ch 13 Plan, 27 Amended Plan, 29 Amended Plan, 31 Amended Plan, 32 Amended Plan, 47 Amended Plan). (Fitzgerald, K) (Entered: 06/21/2012 at 11:19:46) |
| 06/21/2012 | 🔵 | Notice to Court of Intent to Argue. Date of Hearing: 6/27/2012. Filed by Robert W Norman on behalf of Bank of New York Mellon. (Related document(s) 8 Meeting of Creditors Chapter 13 AutoAssign, 47 Amended Plan). (Norman, Robert) (Entered: 06/21/2012 at 11:52:30) |
| 06/21/2012 | 🔵48 | Objection to Confirmation of Chapter 13 Plan (Related document(s)47 Amended Plan). Proof of Service. Filed by Robert W Norman on behalf of Bank of New York Mellon. (Norman, Robert) (Entered: 06/21/2012 at 12:01:25) |
| 06/21/2012 | 🔵49 | Amended Trustee's Direction to Pay Debtor's Earnings to Trustee (Fitzgerald, K) (Entered: 06/21/2012 at 16:08:44) |
| 06/27/2012 | 🔵 | Chapter 13 Minutes. Hearing Held. Ruling: Plan confirmation is Denied and counsel will set a new deadline for an amended plan. Order to be presented. Appearances: Ha Dao; Jason Wilson-Aguilar; Robert Norman (related document(s): 8 Meeting of Creditors Chapter 13 AutoAssign) (PAJ ) (Entered: 06/28/2012 at 11:26:04) |
| 06/28/2012 | 🔵50 | Received UNSIGNED Order Forwarded to Chambers for Judge's Signature. Filed by Fitzgerald, K. Related document 25 (Entered: 06/28/2012 at 09:02:01) |

Exhibit 1
Page 7 of 8

Case 12-00303-tmb    Doc 1    Filed 07/11/12

| | | |
|---|---|---|
| 06/28/2012 | ⚫ | Chapter 13 Confirmation Hearing Continued.. Continued Confirmation hearing scheduled for 8/22/2012 at 09:00 AM at Marysville Municipal Court. (Fitzgerald, K) (Entered: 06/28/2012 at 10:53:59) |
| 06/29/2012 | ⚫51 | ORDER Denying Confirmation of Plan (Related document(s)25 Objection to Ch 13 Plan). (RQC) (Entered: 06/29/2012 at 14:06:58) |
| 07/07/2012 | ⚫52 | Notice of Requirement to File Financial Management Course Certificate (admin) (Entered: 07/07/2012 at 02:44:59) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/08/2012 14:43:06 | | | |
| **PACER Login:** | cm6048 | **Client Code:** | OIN |
| **Description:** | Docket Report | **Search Criteria:** | 12-13169-KAO Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Links : included Headers: included Format: html |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

Case 12-00303-tmb    Doc 1    Filed 07/11/12

IN THE MATTER OF:

JACKIE L. FREEMAN
KIMBERLY R. FREEMAN

No.   12-13169KAO

DEBTORS' MOTION FOR EX
PARTE ORDER ALLOWING 2004
EXAMINATION

## FACTS RELEVANT TO MOTION

1.     Debtors Jackie L. Freeman and Kimberly Freeman bring this motion for an *Ex Parte* Order Allowing 2004 Examination of two separate entities, the first being the party appearing in the bankruptcy proceeding via counsel, "*Bank of New York Mellon, formerly known as the Bank of New York as Successor Trustee for JP Morgan Chase Bank, National Association, as Trustee for Novastar Mortgage Funding Trust, Series 2005-3 Novastar Home Equity Loan Asset-Backed Certificates, Series 2005-3*", and the second being "The Bank of New York Mellon as Successor Trustee under Novastar Mortgage Funding Trust, Series 2005-3, by Saxon Mortgage Services, Inc., as Attorney in Fact" who appeared in the Skagit County Superior Court case number 10-2-00836-8, in order to determine the nature and scope of its potential claim being asserted upon the property of the estate. This motion is made ex parte. *In re Hickman*, 151 B.R. 125 (Bankr. N. D. Ohio 1993).

2.     The instant Chapter 13 voluntary petition was filed on March 29, 2012 in case number 12-13169KAO (Doc.1). The 341 Creditors Meeting is currently scheduled for May 23, 2012 (Doc.8). Debtors listed as the Bank of New York Mellon as one of the creditors. The Bank of New York Mellon has not filed a proof of claim and the bar date is not until August 21, 2012 (Doc. 18).

3.     Debtors listed in Schedule B the sum of approximately $178,000 as proceeds from the sale of their primary residence which is being held in the registry of

*Robbins & Herber, PS*
*3501 Rucker Ave, Everett, WA 98201*
*(425) 339-5537*

Skagit County Superior Court under case number 10-2-00836-8 (Doc.18). Debtors' home was completely destroyed in the storm of January 7, 2009 and was immediately declared uninhabitable by the Town of Concrete. Debtors did not have flood coverage and could no longer keep up with the mortgage payments after about three months. The mortgagee commenced foreclosure sale and declared that $81,760.65 was due on the mortgage at the time the property was destroyed (Exhibit A, Notice of Trustee's Sale). Debtors resisted by filing an action in the state court to enjoin the same. While this litigation was pending in state court, Debtors voluntarily sold the property to the Town of Concrete who bought it with FEMA funds in order to declare the area forever used as green space (Exhibit B, Sale Agreement).

4.      In the state court proceeding, an entity known as "The Bank of New York Mellon as Successor Trustee under Novastar Mortgage Funding Trust, Series 2005-3, by Saxon Mortgage Services, Inc., as Attorney in Fact" hereinafter "BNYM by Saxon" asserted ownership interest in the Note and the Deed of Trust securing Debtors' home. This particular entity requested the state court to release $106,075.91 from the proceeds to satisfy the underlying promissory note and deed of trust. The amount demanded represents an addition of $24,315.26, or 30% of the principal owed at the time the property was destroyed (Exhibit C, Declaration of Annette Anderson filed in support of Motion for Summary Judgment & Attachments). BNYM/Saxon has not filed a proof of claim or any other notices in the bankruptcy case.

5.      On the other hand, the law firm of Houser & Allison, APC, of Long Beach, CA, has filed a notice of appearance on behalf of an entity known as "*Bank of New York Mellon, formerly known as the Bank of New York as Successor Trustee for JP Morgan Chase Bank, National Association, as Trustee for Novastar Mortgage Funding Trust, Series 2005-3 Novastar Home Equity Loan Asset-Backed Certificates, Series 2005-3.*" ("BNYM/JP Morgan) (Doc. 19). Other than this notice of appearance, this entity has not provided any information on the type of interest or claim that it may assert. Facially, these two entities are different legal entities; the former's existence is through a power of attorney and the latter's existence is through a governing document of the securitized trust, or a Pooling and Servicing Agreement.

http://www.secinfo.com/d14D5a.z61ah.c.htm#1stPage.
*Robbins & Herber, PS*
*3501 Rucker Ave, Everett, WA 98201*
*(425) 339-5537*

6.      Bank of New York Mellon, is generically known as a leading investment management and investment services company with $26.6 trillion in assets under custody or administration and $1.3 under management. In so managing the assets, Bank of New York Mellon is the trustee of numerous securitized trusts, and the Mortgage Loan being secured by Debtors' primary residence was owned by a specific securitized trust and its proper name and identity is determinative of the ownership of the Mortgage Loan and any rights flowing therefrom. To complicate the matter further, Bank of New York Mellon alleges to be a successor trustee in both of these securitized trusts which means that it must have been properly designated and the assets in the securitized trusts properly transferred to it from the original trustee. http://www.secinfo.com/d14D5a.z61ah.c.htm#1stPage.

7.      Debtors, who have been displaced for more than three years, would like to purchase another home. Debtors have also claimed homestead exemption against the cash proceeds realized in the sale to the Town of Concrete, but they cannot move forward until a determination can be made about a) the true identity of the creditor who may lay claim on the cash proceeds, b) the nature of the creditor's potential claim, and c) the size of the claim (Doc.18).

## LEGAL ARGUMENTS

8.      Debtors have standing to conduct an examination of both of these entities pursuant to Fed. R. Bankr. P. 2004. Subsection (a) of the Rule provides that upon "motion of any party in interest, the court may order the examination of any entity." Subsection (b) provides that the examination may relate to "any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Subsection (c) permits the movant to compel attendance of witnesses and production of documents either in within or without the district in which the case is pending.  Debtors in this case are undoubtedly a party in interest. They have the right to inquire the appearing entity as it has filed a notice of appearance as a creditor. *Matter of Sutera*, 141 B.R. 539, 541 (Bankr. D. Conn.1992) (a creditor may be examined to inquire into the basis of a filed proof of claim). The Debtors similarly have the right to inquire the party appearing in the state court proceeding as it has previously asserted ownership of the Mortgage Loan which would conflict with a claim of ownership made by any other

*Robbins & Herber, PS*
*3501 Rucker Ave, Everett, WA 98201*
*(425) 339-5537*

entity. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D.N.Y.1993*), affirmed*, 17 F.3d 600 (2nd Cir.1994) (Rule 2004 examination can be taken of a third party who is associated or has a relationship with the debtor). If the appearing party is not a creditor and does not plan to file a proof of claim, Debtors likewise have the right to know what role it would play in the bankruptcy case.

9.     A request for a 2004 examination is not, itself a request for redress of an injury, but a pre-litigation investigatory tool used to determine whether a sufficient basis exists to take subsequent action such as the filing of a substantive motion or complaint. *In Re Deshetler*, 453 B.R. 295 (S. D. Ohio, 2011) ("It is well-established that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted. The scope of examination permitted pursuant to Rule 2004 is wider than that allowed under Federal Rules of Civil Procedure and can legitimately be in the nature of a 'fishing expedition'. Although the primary purpose of a Rule 2004 is to permit a party in interest to quickly ascertain the extent and location of the estate's assets, such examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor."

10.     In the case at bar, the identity of the creditor who may assert a claim upon the cash proceeds is not known. While BNYM/Saxon submitted documents to show that the Note was indorsed in blank and the Deed of Trust was assigned by MERS as nominee to an entity resembling a mortgage-backed securitized trust in the state court, there is now a different legal entity appearing via counsel in the bankruptcy case without stating what role it would play. Additionally, it is not clear whether this second legal entity, BNYM/JP Morgan will be asserting a secured claim or whether there is potentially an unsecured claim over the subject sale proceeds. These are questions that need to be answered as soon as practicable so that the Plan can move toward confirmation. And finally, an efficient administration of the estate cannot be carried out unless a determination of the amount of potential claim being asserted is made based because the amount in controversy has, by the financial institutions' account, grown from $82,000 to $106,000 and thus a thorough accounting must be presented for the increase. These facts constitute sufficient good cause for Debtors to take a Rule 2004 examination of both, the appearing entity, "*Bank of New York Mellon, formerly known as the Bank of New York as Successor Robbins & Herber, PS*
*3501 Rucker Ave, Everett, WA 98201*
*(425) 339-5537*

*Trustee for JP Morgan Chase Bank, National Association, as Trustee for Novastar*
*Mortgage Funding Trust, Series 2005-3 Novastar Home Equity Loan Asset-Backed*
*Certificates, Series 2005-3"* as well as the entity appearing in the state court's
proceeding, "The Bank of New York Mellon as Successor Trustee under Novastar
Mortgage Funding Trust, Series 2005-3, by Saxon Mortgage Services, Inc., as Attorney
in Fact."

11.     In *In re Underwood*, 457 B.R. 635 (S.D.Ohio 2011), the court allowed the
United States Trustee to conduct Rule 2004 examination Chase Home Finance amidst
allegations in the debtor's adversary complaint that Chase violated court orders by failing
to deem the debtor's mortgage current after successful completion of Chapter 13 plan.
Even though the debtor's adversary proceeding was dismissed, the court held that the US
Trustee's concern as to whether Chase's bankruptcy procedures "deviated from the
standards established by the bankruptcy code, and/or whether its particular actions
threatened an abuse of the bankruptcy system or its procedures" warranted the
examination and request for production. In this case, there appears clearly a creditor
holding a sizeable claim of some type. However, BNYM/JP Morgan has chosen not to
file a proof of claim but to be evasive by filing a notice of appearance in the bankruptcy
case. This fact, when considered together with the discrepancies between the names of
the two securitized trusts, and the fact that the right to the sale proceeds can only be
obtained by way of a valid assignment of the Deed of Trust and based on an accurate
accounting, dictate that Rule 2004 examination upon each of these potential creditors is
not only necessary but is essential to the administration of the case.

12.     Given the fact that there exist cash proceeds sufficient to pay the plan
100% and the Debtors' need to purchase a replacement home, they would be prejudiced
by any further delay obtaining confirmation for the Chapter 13 Plan.

WHEREFORE, Debtors respectfully request the Court to grant an Order *Ex Parte*
allowing them to conduct Rule 2004 examination of the two securitized trusts being
identified herewith within the next 30 days. Debtors further pray for all other legal and
equitable relief that the Court deems just and proper.

*Robbins & Herber, PS*
*3501 Rucker Ave, Everett, WA 98201*
*(425) 339-5537*

1

2                                    Respectfully submitted,
                                     ROBBINS & HERBER PS

3

   Dated:  June 5, 2012                  /s/ Ha Thu Dao
4                                    HA THU DAO, WABN 21793
                                     Attorney for Debtors
5                                    3501 Rucker Ave
                                     Everett, WA 98201
6                                    425-339-5537
                                     hadaojd@gmail.com
7
                        **CERTIFICATE OF SERVICE**
8

   HA THU DAO, attorney for the Debtors, hereby certifies to the Court as follows:
9
        1.  I am not a party to the above-styled;
10       2.  I am over the age of 18;
   I have on this 5th day of June, 2012, in addition to filing the foregoing Motion with the
11 Court electronically, served a copy of the same by regular certified mail to the following
   affected entities:
12
   David J. Elkanich, Esq.
13 Attorney for Bank of New York Mellon as Successor Trustee under Novastar Mortgage
   Funding Trust, Series 2005-3
14 Hinshaw & Culbertson, LLP
   1000 SW Broadway, Ste 1250
15 Portland, OR 97295-3000

16 Robert W. Norman, Jr., Esq.
   Attorney for Bank of New York Mellon, f/k/a The Bank of New York as Successor
17 Trustee for JP Morgan Chase Bank, National Association, as Trustee for NovaStar
   Mortgage Funding Trust, Series 2005-3 NovaStar Home Equity Loan Asset-Backed
18 Certificates, Series 2005-3
   Houser & Allison, APC
19 3780 Kilroy Airport Way, Ste 130
   Long Beach, CA 90806

20

21

22

23

24 *Robbins & Herber, PS*
   *3501 Rucker Ave, Everett, WA 98201*
   *(425) 339-5537*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24 *Robbins & Herber, PS*
*3501 Rucker Ave, Everett, WA 98201*
*(425) 339-5537*

**Below is the Order of the Court.**

_Karen A. Overstreet_

Karen A. Overstreet
U.S. Bankruptcy Judge
**(Dated as of Entered on Docket date above)**

1

2

3

4

5

6

7

8

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

9    IN THE MATTER OF:

10    JACKIE L. FREEMAN
      KIMBERLY R. FREEMAN

No.   12-13169KAO

11

EX PARTE ORDER ALLOWING
2004 EXAMINATION

12

13       THIS MATTER came before the Court upon Motion for _Ex Parte_ Order Allowing

14   Debtors to Conduct 2004 Examination of two separate entities, "_Bank of New York_

15   _Mellon, formerly known as the Bank of New York as Successor Trustee for JP Morgan_

16   _Chase Bank, National Association, as Trustee for Novastar Mortgage Funding Trust,_

17   _Series 2005-3 Novastar Home Equity Loan Asset-Backed Certificates, Series 2005-3_",

18   and "The Bank of New York Mellon as Successor Trustee under Novastar Mortgage

19   Funding Trust, Series 2005-3, by Saxon Mortgage Services, Inc., as Attorney in Fact"

20   who appeared in the Skagit County Superior Court case number 10-2-00836-8, in order to

21   determine the nature and scope of its potential claim being asserted upon the property of

22   the estate.

23

24

1        2.      The instant Chapter 13 voluntary petition was filed on March 29, 2012 in

2  case number 12-13169KAO (Doc.1). The 341 Creditors Meeting took place on May 23,

3  2012 (Doc.8). Debtors listed as the Bank of New York Mellon as one of the creditors.

4  Neither of the aforementioned entities has filed a proof of claim. The bar date is not until

5  August 21, 2012 (Doc. 18).

6        3.      The Court, having reviewed the motion and the representations made

7  thereof, issues this EX PARTE ORDER allowing Debtors to take 2004 examination of

8  the requested entities pursuant to a subpoena issued by counsel pursuant to Fed. R.

9  Civ P. 45 (a)(3), made applicable to bankruptcy proceedings by Fed. R. Bankr. P.
9016, with not less than 10 days notice of the date and time of the examination.

10                          ///END OF ORDER///

11

12

13  Presented by:
HA THU DAO, WABN 21793
Robbins & Herber, PS

14  Attorney for Debtors
3501 Rucker Ave, Everett, WA 98201

15  425-339-5537
hadaojd@gmail.com

16

17

18

19

20

21

22

23

24

# COERS MITCHELL LAW LLC

2100 NE Broadway, Suite 309
Portland, Oregon 97232

JOHNSTON A. MITCHELL

O: (503)719-6795
C: (503)804-6656
F: (503)374-9068

Oregon\Washington

johnstonlaw@comcast.net

July 9, 2012

**VIA EMAIL** (*hadaojd@gmail.com*) **AND FEDERAL EXPRESS**

Ha Thu Dao, Esq.                    Ha Thu Dao, Esq.
Robbins & Herber PS                 Grand Central Law, PLLC
3501 Rucker Avenue                  507 22nd Avenue N
Everett, WA 98201                   St. Petersburg, FL 33704-4347

  Re: *In re Jackie L. and Kimberly R. Freeman*
    United States Bankruptcy Court for the Western District of Washington
    Bankr. Case No. 12-13169-KAO

    **Objection pursuant to Federal Rule 45(c)**

Dear Ms. Dao:

  I am following up on today's telephone call. This firm represents David Elkanich in connection with the subpoena for Rule 2004 examination. I called and am writing to confer with you about the subpoena Mr. Elkanich received. I have asked you to withdraw the subpoena. Based on our call, I understand that you will not withdraw the subpoena. In any event, please be advised that Mr. Elkanich objects to the subpoena pursuant to Federal Rule 45(c), made applicable under Bankruptcy Rules 2004 and 9016.

  As mentioned, there are several problems with the subpoena. I am not going to discuss all of the problems. Here are some of the problems:

- There is no order allowing a Bankruptcy Rule 2004 examination of Mr. Elkanich. The court entered an order allowing an examination of two entities. It did not enter an order allowing the examination of Mr. Elkanich. The subpoena was issued to "David J. Elkanich, Esq."

- The subpoena requires production of protected and confidential material. The subpoena seeks material protected by attorney-client privilege and the work product doctrine. Virtually all, if not all of the documents, in Mr. Elkanich's file are protected documents. In addition, the subpoena also seeks confidential commercial information.

- The document request is burdensome. The subpoena imposes an undue burden and expense in violation of Federal Rule 45. It requires Mr. Elkanich to evaluate and

Exhibit 4
Page 1 of 2

respond to 22 categories of document requests on short notice. The subpoena does not include steps to avoid imposing an undue burden or expense on Mr. Elkanich.

- <u>There is not reasonable time to respond</u>. The subpoena does not provide a reasonable time to respond. It was delivered without a witness fee on July 2. Mr. Elkanich received the subpoena and witness fee by regular mail on July 3. It requires production on July 16.

- <u>You did not comply with Oregon's Local Bankruptcy Rule 2004-1</u>. This rule states that you must confer with a party to set a mutually agreeable date.

I hope you reconsider and withdraw the subpoena. The Rule 2004 exam is scheduled for July 16, 2012. If we do not receive written confirmation that the subpoena is withdrawn by 10:00 a.m. (Pacific) on July 10, 2012, we will file a motion to quash and a motion to request an expedited hearing on the motion to quash. This letter also confirms my understanding that you oppose the motion to quash and motion for an expedited hearing. As mentioned, I will be filing the motions with United States Bankruptcy Court for the District of Oregon. Thank you for agreeing to accept service by email.

If you have any questions, please contact me.

Best Regards,

**COERS MITCHELL LLC**

*/s/ Johnston Mitchell*
Johnston Mitchell

JAM:CCM:ckc

cc:     David Elkanich (via email)

Exhibit 4
Page 2 of 2

Case 12-00303-tmb    Doc 1    Filed 07/11/12

**Johnston A. Mitchell**
OSB No. 924060
johnstonlaw@comcast.net
**Christine Coers-Mitchell**
OSB No. 922600
coers@comcast.net
Coers Mitchell Law LLC
2100 NE Broadway, No. 309
Portland, Oregon 97232
Telephone: 503.719.6795
Facsimile: 503.374.9068

Attorneys for David Elkanich

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>JACKIE FREEMAN and<br><br>KIMBERLY FREEMAN,<br><br>            Debtors | Miscellaneous Proceeding No. 12-00303-tmb<br><br>(United States Bankruptcy Court for Western District of Washington, Bankr. Case No. 12-13169-KAO)<br><br>DECLARATION OF ROBERT W. NORMAN, JR. IN SUPPORT OF MOTION TO QUASH SUPOENA FOR RULE 2004 EXAMINATION |

I, Robert W. Norman, Jr., declare:

1.     I am one of the attorneys representing Bank of New York Mellon, formerly

known as the Bank of New York as Successor Trustee for JP Morgan Chase Bank, National

Association, as Trustee for NovaStar Mortgage Funding Trust, Series 2005-3 NovaStar Home

Equity Loan Asset-Backed Certificates, Series 2005-3 ("BONY as Trustee") with regard to the

bankruptcy case of Jackie and Kimberly Freeman, pending in the United States Bankruptcy

Court in the Western District of Washington (Bankr. Case 12-1319-KAO.)

Page 1 of 2 −   DECLARATION OF ROBERT W. NORMAN, JR. IN SUPPORT OF MOTION TO QUASH SUPOENA FOR RULE 2004 EXAMINATION

2.      On behalf of my client, I filed an objection to the debtors' motion for an ex parte order allowing 2004 examination.

3.      On July 3, 2012, I called debtors' counsel, Ha Thu Dao, to discuss the Subpoena for Rule 2004 Examination issued to David Elkanich ("Elkanich").  I was going to discuss why the subpoena was not properly addressed to the secured creditor, BONY as Trustee.  Ms. Dao advised me that she did not intend to take the examination of a representative from the secured creditor.  Instead, she intended on taking the personal deposition/examination of Mr. Elkanich, because he was counsel in a prior state court proceeding.

4.      I emailed Ms. Dao to confirm the conversation.  Ms. Dao responded.  A true and genuine copy of that email is attached as Exhibit 1.

**I DECLARE UNDER PENTALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on July 10, 2012, in Long Beach, California.

*/s/ Robert W. Norman, Jr.*
Robert W. Norman, Jr.

Page 2 of 2 −   DECLARATION OF ROBERT W. NORMAN, JR. IN SUPPORT OF MOTION TO QUASH SUPOENA FOR RULE 2004 EXAMINATION

Coers Mitchell Law LLC
2100 NE Broadway, No. 309
Portland, Oregon  97232
T (503)719-6795 | F (503)374-9068

Case 12-00303-tmb    Doc 1    Filed 07/11/12

| | |
|---|---|
| **From:** | Bob Norman |
| **Sent:** | Tuesday, July 03, 2012 12:29 PM |
| **To:** | 'Ha Dao' |
| **Subject:** | RE: In re Freeman - Case No. 12-13169 - Ocwen loan no. 7110319550 |

Ms. Dao:

Ocwen is the servicer for BONY, as Trustee. Under the federal rules BONY as Trustee would make the appropriate representative available to testify about the areas of examination. If you want to proceed with the separate BONY, as Trustee deposition let me know what dates you have in mind. Per our call earlier today, that representative is likely located in West Palm Beach, FL. They have very full schedules, but if you can provide a few proposed dates we can work something out. Thanks.

Robert W. Norman, Jr.
Attorney
**H O U S E R**
& ALLISON, APC
3780 Kilroy Airport Way, Ste 130
Long Beach, CA 90806
P: (562) 256-1675   F: (949) 679-1112
www.houser-law.com
Offices in Orange, Los Angeles, & San Diego Counties,
Boston, New York and Scottsdale.

Admitted to Practice in AZ, CA and WA.

This electronic message contains information from the law firm of Houser & Allison, APC. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at rnorman@houser-law.com.

**From:** Ha Dao [mailto:hadaojd@gmail.com]
**Sent:** Tuesday, July 03, 2012 11:57 AM
**To:** Bob Norman
**Subject:** Re: In re Freeman - Case No. 12-13169 - Ocwen loan no. 7110319550

Mr. Norman, I have no information as of yet as to the corporate representative of your client, thus, the lack of a subpoena as to BONY as Trustee in the Bankruptcy case. If you identify who that is, I will cause for the subpoena to be issued, and you'll get a copy accordingly. If you want me to get to the identity of the corporate rep the long way, then I will be doing it by way of a motion.

As to Mr. Elkanich's deposition, he is the starting point of our challenge as to the discrepancy in the identity of the claimed owner of the subject mortgage loan in the state court's proceeding. That is not to say that he is the only one I will depose. Obviously, depending on what Mr. Elkanich reveals, I will not limit my right under the Rule to get to the issue of standing of your client in the bankruptcy court to assert status as secured creditor.

On Tue, Jul 3, 2012 at 2:49 PM, Bob Norman <bnorman@houser-law.com> wrote:

Ms. Dao:

1

Exhibit 1
Page 1 of 3
Case 12-00303-tmb    Doc 1    Filed 07/11/12

Please allow this to confirm our telephone call today. I called you to discuss the Subpoena for Rule 2004 Examination issued to David Elkanich. I was going to discuss why I did not think the subpoena was properly addressed to the secured creditor, Bank of New York, Mellon, as Trustee. You advised that you do not intend to take the examination of a representative from the secured creditor, but instead you intend on taking the personal deposition/examination of Mr. Elkanich because he was counsel in the prior state court matter.

Please confirm that my understanding is correct. Please also confirm that you have not issued a separate Subpoena to Bank of New York Mellon, as Trustee. If you do intend on issuing a subpoena to Bank of New York Mellon, as Trustee I request a copy of that subpoena as their counsel. Thank you.

Robert W. Norman, Jr.

Attorney

**H O U S E R**

& ALLISON, APC

3780 Kilroy Airport Way, Ste 130

Long Beach, CA 90806

P: (562) 256-1675   F: (949) 679-1112

www.houser-law.com

Offices in Orange, Los Angeles, & San Diego Counties,

Boston, New York and Scottsdale.

Admitted to Practice in AZ, CA and WA.

This electronic message contains information from the law firm of Houser & Allison, APC. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at rnorman@houser-law.com.

--
**Ha Thu Dao, Esq.**
**GRAND CENTRAL LAW, PLLC**
**PO Box 7382**
**Lakeland, FL 33807**
**Licensed to practice in FL & WA**

2

Exhibit 1
Page 2 of 3

Case 12-00303-tmb   Doc 1   Filed 07/11/12

**AV rated**
**Member of NACA & NACBA**
**Grad of the Max Gardner's Litigation Boot Camp**
**(727) 269-9334**
**fax: (727) 264-2447**

NOTE:The information contained in this electronic e-mail transmission and any attachments are intended only for the use of the individual or entity to whom or to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or the employee or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any dissemination, distribution, copying or disclosure of this communication and any attachment is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by telephone or electronic mail, and delete the original communication and any attachment from any computer, server or other electronic recording or storage device or medium. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client, physician-patient or other privilege. Thank you.

**Johnston A. Mitchell**
OSB No. 924060
johnstonlaw@comcast.net
**Christine Coers-Mitchell**
OSB No. 922600
coers@comcast.net
Coers Mitchell Law LLC
2100 NE Broadway, No. 309
Portland, Oregon 97232
Telephone: 503.719.6795
Facsimile: 503.374.9068

Attorneys for David Elkanich

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>JACKIE L. FREEMAN and<br><br>KIMBERLY FREEMAN,<br><br>          Debtors. | Miscellaneous Case No. 12-00303-tmb<br><br>(United States Bankruptcy Court for Western District of Washington, Bankr. Case No. 12-13169-KAO)<br><br>CERTIFICATE OF SERVICE |

     I certify that on July 11, 2012, I caused a true, exact and full copy of the following

documents have been served on each of the following parties or persons as indicated below:

    1.     MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION;

    2.     MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAM;

    3.     DECLARATION OF JOHNSTON MITCHELL IN SUPPORT OF (A) MOTION TO QUASH SUPOENA FOR RULE 2004 EXAMINATION AND (B) MOTION FOR EXPEDITED HEARING REGARDING MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION;

    4.     DECLARATION OF ROBERT W. NORMAN, JR. IN SUPPORT OF MOTION TO QUASH SUPOENA FOR RULE 2004 EXAMINATION;

Page 1 of 2 – CERTIFICATE OF SERVICE

5. DECLARATION OF DAVID ELKANICH IN SUPPORT OF MOTION TO QUASH SUPOENA FOR RULE 2004 EXAMINATION;

6. MOTION FOR EXPEDITED HEARING REGARDING MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION; and

7. CERTIFICATE OF SERVICE.

**By First Class Mail, Postage Prepaid**:

US Trustee *(Oregon)*
1001 SW 5th Ave. #700
Portland, OR  97204

US Trustee *(Washington)*
700 Stewart St. Ste. 5103
Seattle, WA  98101

Ha T. Dao, Esq.
Grand Central Law, PLLC
507 22nd Avenue N
St. Petersburg, FL  33704-4347

Ha T. Dao, Esq.
Robbins & Herber PS
3501 Rucker Avenue
Everett, WA  98201

Ha T. Dao, Esq.
PO Box 7382
Lakeland, Florida 33807

**By Email**:

David Elkanich
*delkanich@hinshawlaw.com*
Ha T. Dao, Esq.
*youremylawyer@gmail.com*

Ha T. Dao, Esq.
*hadaojd@gmail.com*

Respectfully submitted this 11th day of July, 2012.

COERS MITCHELL LAW LLC

*/s/ Johnston Mitchell*
Johnston Mitchell OSB No. 924060
503.719.6795
johnstonlaw@comcast.net
Christine Coers-Mitchell, OSB No. 922600
503.719.6795
coers@comcast.net

Attorneys for David Elkanich

COERS MITCHELL LAW LLC
2100 NE Broadway, No. 309
Portland, Oregon  97232
T (503)719-6795 | F (503)374-9068